**D. H. WILLEY LUMBER COMPANY, Plaintiff, v. FLICK et, Defendants.
DAVID H. WILLEY & HENRY BETZ, Plaintiffs, v. FLICK et, Defendants.
MARTIN, Jr., Plaintiff, v. FLICK et, Defendants.**

Common Pleas Court, Hamilton County.

Nos. A-157793, A-156794, A-156997.   Decided November 21, 1957.

Cowell & Fletcher, By Lee J. Hereth, for plaintiffs, The D. H. Willey Lumber Company and David H. Willey & Henry Betz.

James Farrell, City Solicitor, William McClain, Asst. City Solicitor, for defendants.

Leroux & Weber, By Paul J. Weber, for Ray Martin, Jr.

## OPINION

By LEIS, J.:

These three cases in which the plaintiffs in each action seek to enjoin annexation proceedings of certain real estate located in Green Township, Hamilton County, Ohio, were consolidated for trial and tried to the court.

Resident freeholders of an area may, by virtue of **Chapter 709 R. C.,** annex an area to a municipality. There are two used methods of annexation to a municipal corporation: one is by application of the citizens residing in territory adjacent to a municipal corporation; the other method is on application by the municipal corporation. In these proceedings the application for annexation to the city of Cincinnati was by citizens residing in the area sought to be annexed.

A review of the pleadings and a study of the evidence reveal two points of issue of substance: first, the completeness and accuracy of the description of the proposed annexation area; and, secondly, that the Board of County Commissioners refused to allow certain signers of the annexation petition to withdraw their signatures after a certain date.

The Court turns first to consider the alleged incompleteness of the description. Plaintiffs contend that the petition for annexation did not contain the full description of the territory sought to be annexed, being incomplete and inaccurate, and allege further that the petition was not accompanied by an accurate map or plat of the territory sought to be annexed.

This Court stated in a prior annexation contest, Waddel v. Bos-

sert, Hamilton County Common Pleas Court, No. A-154549, under circumstances where the description of the area was in dispute that the issue could be stated thus: "Is there sufficient identification of this area in the petition to annex to render the description adequate to ascertain the territory sought to be annexed?" The Court further cited 7 O. Jur. (2d) 635 thus: "But if sufficient be shown to ascertain the estate intended to be conveyed, the land may pass by the deed although some of the particulars are false."

As regards point one, the incompleteness of the description, the Court believes that the language of its opinion in the prior annexation case is still applicable here. It remains to be determined from the evidence, therefore, whether there is sufficient identification of this area in the petition to annex. On this point of dispute, both sides introduced an expert witness.

Thomas D. Jones, witness for plaintiffs, on cross examination by Mr. McClain stated:

"If the monuments are where the map indicates or seems to indicate them, the drawing of the red lines where they should be, then I would say the map would probably represent what is described in the description " (Record p. 53.)

Harry H. Schops, witness for the defendant city, upon questioning by the Court, testified as follows:

"Q. Are you acquainted with the petition and the description contained in the petition?

"A. I am, sir.

"Q. Does that description contained in the petition, is that a full description of the territory sought to be annexed?

"A. I believe so, yes, sir.

"Q. All right. Is the map an accurate map or plat of the territory sought to be annexed?

"A. It is an accurate 200 scale map. That is what we call it.

"Q. Your answer is yes to the question I have asked?

"A. Yes, sir.

"Q. Let me ask you this, is there sufficient identification of this area in the petition to render the description adequate to ascertain the territory sought to be annexed in your opinion?

"A. Yes, sir, I believe so." (Record p. 59.)

The Court feels that after a consideration of the evidence, the plaintiff has failed to sustain the necessary burden of proof on the point of incompleteness of the description in the petition to annex.

Turning now to the refusal of the Board of County Commissioners to allow petitioners to withdraw their signatures, the Court finds that this contention is bottomed on the proposition that if these petitioners had been allowed to withdraw their signatures, the number of valid signatures would have fallen short of the necessary majority to effect annexation.

The Board of County Commissioners, under date of October 25, 1955, and in reply to an inquiry put to them by Robert B. Grote, Agent for the petitioners, wrote the following:

"October 25, 1955.

Mr. Robert B. Grote,
2166 West Tower Lane,
Cincinnati 38, Ohio.
Dear Sir·
    This is to acknowledge receipt of your letter, regarding the Summit area annexation.
    The Board of County Commissioners in session this day directed that you be advised that no additional petitions or withdrawals are accepted after the date set for the hearing.

Very truly yours,
BOARD OF COUNTY COMMISSIONERS
HAMILTON COUNTY, OHIO.
By _____
Clerk."

    This letter, received in evidence as part of Exhibit 6, unequivocally set down that no additional signatures or withdrawal of signatures would be allowed. If this was a valid action by the Board of County Commissioners, this Court can not stand in the way of the proposed annexation; if this action was an abuse of discretion, or contrary to law, this Court has but one course of action and that is to enjoin annexation of the proposed area.

    The right of a petitioner to withdraw his name has provided a fertile field of litigation throughout the years. In the instant case there were 609 resident freeholders in the area to be annexed, 337 of whom validly signed the petition for annexation, or 55.3% (Record pp. 26-27).

    It will be noted that prior to the barring date of October 25, 1955, the County Commissioners allowed the withdrawal of 39 names and the addition of twenty new signatures (record p. 28), this was a net loss of nineteen, and resulted in an adjusted percentage of 52.3% of the resident freeholders of the area.

    This Court holds that this allowance by the Board of County Commissioners was proper. The petitioners had the right at that time to withdraw their signatures (see below). Similarly, new resident freeholders should be allowed to petition in order to compensate for withdrawals and to give continuing jurisdiction to the Board of County Commissioners. The right to withdraw or add signatures is a common law right, and there being no statutory abrogation of this right in Ohio annexation proceedings, this Court can not disturb the exercise of the discretion of the Board of County Commissioners in allowing these withdrawals or additions at the time that they did and prior to the announcement that no further withdrawals or additions would be permitted.

    By letter of October 24, 1955, Mrs. Louise R. Martin forwarded to the County Commissioners signatures of twenty-eight resident freeholders with the request that these names be "rescinded and withdrawn from the petition submitted previously." (Exhibit 6.) It is conceded that allowance of withdrawal of these names would result in less than the required majority. The letter stating the policy that no additional petitions or withdrawals would be accepted was dated October 25, 1955;

Mrs. Martin's letter with twenty-eight withdrawals was received by the County Commissioners October 27, 1955 at 9:15 A. M. according to the stamp thereon. (Exhibit 6.)

It has been held by the courts of this state that the signers of a petition can withdraw their signatures at any time before official action is taken on the petition.

**State, ex rel. Wilson v. Board of Education of Shelby County School District, 166 Oh St 260; State, ex rel. Kahle v. Ruppert, 99 Oh St 17; Lynn v. Supple, Clerk, 166 Oh St 154.**

Granting the right of a petitioner to withdraw his name, it only remains to be determined whether or not official action had been taken.

This court is not unmindful of the seeming conflict of **Schulte v. Flick, 89 Oh Ap 252,** a Hamilton County Court of Appeals case, and **Lakeville v. Palmer, 74 Abs 45,** an Ashtabula County Common Pleas Court case; but feels if there be any conflict that the latest expression on the right of a petitioner to withdraw his signature is by our Supreme Court in State, ex rel. Wilson v. Board of Education, Shelby County School District, decided March 27, 1957.

It can not be denied, whether adhering to the Schulte case supra or to the Lakeville v. Palmer case, supra that the jurisdiction of the County Commissioners was invoked when 337 valid signatures favoring annexation were presented. This jurisdiction remained in effect unless sufficient signature withdrawals were effected prior to official action.

On July 26, 1955, the Board of County Commissioners adopted a resolution setting forth that a majority of adult freeholders had petitioned for annexation and set down October 11, 1955, for hearing on the proposed annexation. At this meeting in July the Board of County Commissioners had in hand a letter of July 25, 1955, from the County Engineer which stated:

"July 25, 1955.

Board of County Commissioners
Hamilton County
Court House
Cincinnati, Ohio
Gentlemen:

Enclosed herewith find petition for the annexation of certain territory in Sections 7 & 8, Town 2, Fractional Range 2, Green Township, Hamilton County, Ohio to the City of Cincinnati. Also find description and plat of same.

Upon checking this office finds that 55.3% of the resident freeholders therein have signed said petition. We also find the description and plat to be a true representation of the area in the proposed annexation.

Respectfully submitted<br>s/s GEORGE M. LEMMEL<br>Hamilton County Engineer." (Exhibit 1)

On the same date, the Board of County Commissioners directed Robert B. Grote, agent for petitioners, to take the necessary action to provide for publication of the said resolution.

On October 11, 1955, the formal hearing on the proposed annexation was held and communications for and against annexation were presented.

The Court feels, therefore, that official action had been taken by the Board of County Commissioners and the board was within its discretion to refuse to allow further withdrawal of the signatures. To hold otherwise would result in needless hindrance and a state of suspension in annexation matters. At all times there was a majority of resident freeholders in favor of the annexation so as to vest continuing jurisdiction in the Board of County Commissioners.

It is the ruling of this court, based on the law and the evidence received, that the prayers of the petition of all three plaintiffs be denied and that annexation proceed in accordance with the Board of County Commissioners' Resolution dated November 21, 1956.

Please present your entry accordingly.